UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMIAH J. GRIFFIN,

                Petitioner,

-against-

SUPERINTENDENT OF THE MANHATTAN DETENTION COMPLEX; KINGS COUNTY CRIMINAL COURT CLERK; KINGS COUNTY DISTRICT ATTORNEY OFFICE; SUPERINTENDENT OF THE OTIS BANTUM CORRECTIONAL CENTER,

                Respondents.

20-CV-2012 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

Petitioner, currently detained in the Manhattan Detention Complex, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging two criminal cases pending in the New York Supreme Court, Kings County.[1]

"For the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). Because Petitioner's criminal cases are pending in the New York Supreme Court, Kings County, which is located in the Eastern District of New York, *see* 28 U.S.C. § 112(c), the Court transfers this action to the United States District Court for the Eastern District of New York.

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States

---

[1] This Court takes no position on whether 28 U.S.C. § 2241 is the proper vehicle for the relief Petitioner seeks and leaves to the transferee court the decision to otherwise construe this submission.

District Court for the Eastern District of New York. Whether Petitioner should be permitted to proceed further without payment of fees is a determination to be made by the transferee court.[2] This order closes this case.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue under 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: March 12, 2020
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

[2] Petitioner did not pay the $5.00 filing fee or submit a completed and signed request to proceed *in forma pauperis* (IFP).